UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Max Alarcon | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Case No. 3:24cv642-FDW<br>) |
| Rent Recovery Solutions LLC | )<br>) **JURY TRIAL DEMANDED** |
| Defendant, | )<br>) |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Max Alarcon, an individual consumer, against Defendant, Rent Recovery Solutions LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) 28 U.S.C 1331.

3. Venue in this District is proper in that the Defendants principal address is in Roseville, MN

## III. PARTIES

4. Plaintiff Max Alarcon (hereinafter "Plaintiff") is a natural person residing in Charlotte, NC.

5. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

6. Plaintiff's alleged "debt" as defined by the FDCPA, 15 U.S.C 1692a(5) this alleged debt at issue arose from a transaction entered into primarily for personal use.

7. Rent Recovery Solutions LLC is a Minnesota corporation whose registered agent is CORPORATION SERVICE COMPANY 1201 HAYS STREET TALLAHASSEE, FL 32301-2525 with the principal place of business is located at 2345 Rice Street, Suite 230 Roseville, MN 55113

8. Defendant Rent Recovery Solutions LLC is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempts to collect consumers' debts alleged to be due to another.

## IV. FACTS OF THE COMPLAINT

9. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Rent Recovery Solutions LLC

10. Defendant Rent Recovery Solutions, Inc. (hereinafter referred to as "RRS" or "Debt Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a(6).

11. Upon information and belief, on a date better known by Debt Collector, Debt Collector began to attempt to collect an alleged consumer debt from Plaintiff.

12. On or about February 13th, 2024, Plaintiff reviewed his credit report on Transunion.com & CreditKarma.com.

13. On the credit report, Plaintiff observed a trade line from RRS.

14. Specifically, RRS furnished information to Transunion about a trade line in the amount of $4,060 allegedly owed to Wendover Gardens

15. On or about March 13, 2024, Plaintiff made a dispute with RRS via telephone.

16. Plaintiff re-checked their consumer report on or about May 6, 2024, and the debt collector information was not marked disputed. See **Exhibit A**.

17. Defendant has had subsequent communication with Transunion regarding Plaintiff's account but failed to notify them that the account had been disputed by the consumer.

18. RRS's publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of Plaintiff and caused severe humiliation, emotional distress, mental anguish, and damage to FICO scores.

19. Plaintiff has suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices of RRS.

20. RRS violated 15 U.S. Code 1692e(8) for not communicating that the Plaintiffs disputed the debt.

## V. FIRST CLAIM FOR RELIEF
## Violations Of 15 U.S.C 1692e(8) –
## False, Deceptive, Or Misleading Collection Actions

21. Plaintiff re-alleges and reincorporates paragraphs 1-20 as if fully set out herein.

22. The Debt Collector – RRS's violations of the FDCPA include, but are not limited to, the following:

    (a) RRS violated 15 U.S.C § 1692e(8) of the FDCPA by failing to disclose to the consumer reporting agencies that the alleged debt was disputed by Plaintiff.

23. Because Plaintiff disputed the debt RRS, when choosing to contact the consumer reporting agencies, was obligated to inform them of the disputed status of the account. See Dixon v. RJM Acquisitions, L.L.C., 640 Fed. Appx. 793 (10th Cir. 2016) (Reversed summary judgment to the collection agency on the consumer's § 1692e(8) claim that after she had disputed a debt, the agency had nevertheless reported the debt without disclosing the disputed. The consumer created a genuine fact issue given that she said during the recorded conversation: "I feel that all I owe is $20." A reasonable fact finder could treat the statement as a dispute of the alleged $102.99 debt.); Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173 (10th Cir. 2013) "(We agree with the Eighth Circuit's interpretation of § 1692e(8) that a debt collector does not

have an affirmative duty to notify [credit reporting agencies] that a consumer disputes the debt unless the debt collector knows of the dispute and elects to report to a CRA.").

24. RRS violated Plaintiff's right not to be the target of misleading debt collection communications.

25. RRS violated Plaintiff's right to a truthful and fair debt collection process.

26. RRS's communications with Plaintiff were deceptive and misleading.

27. RRS used unfair and unconscionable means to attempt to collect the alleged debt.

28. RRS's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to RRS's collection efforts.

29. RRS's failure to mark the debt as disputed that it knows or should have known is disputed violates § 1692e, 1692e(8) of the FDCPA.

30. Plaintiff has suffered actual damages including but not limited to, fear, stress, mental anguish, emotional distress, and acute embarrassment.

31. As a result of the above violations of the FDCPA, Defendant RRS is liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Max Alarcon respectfully prays that this Honorable Court:

A. Declares that the actions of Rent Recovery Solutions, LLC violated the FDCPA.

B. Enters Judgment in favor of Plaintiff and against Defendant for violating the FDCPA for:

  i. Actual damages pursuant to 15 U.S.C 1692k(1)(2);

  ii. Statutory damages pursuant to 15 U.S.C 1692k(2);

  iii. Cost and reasonable attorney's fees pursuant to 15 U.S.C 1692k(3);

  iv. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

Max Alarcon
5050 Navy St, Apt 106
Charlotte NC 28269
Maxalarcon12@mail.com